IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

M.T., by his next friend, Marneka D.
Hayes,
    *Plaintiff,*

v.

OFFICER CRAIG MEDLEY, *et al.*,
    *Defendants.*

Civil Action No.: 14-cv-0424

**MEMORANDUM**

Plaintiff M.T., a minor, by his next friend and mother, Marneka D. Hayes, brought suit against Officer Craig Medley, the Annapolis Police Department, and the City of Annapolis, asserting a variety claims arising out of Medley's alleged assault of M.T. on or about August 7, 2013. *See* ECF 1 ("Complaint") at 1. Currently before the Court is defendants' "Motion to Strike Plaintiff's Complaint" ("Motion," ECF 5). The Motion has been fully briefed,[1] and no hearing is necessary to resolve it. *See* Local Rule 105.6. For the reasons that follow, I will deny the Motion.

**DISCUSSION**

Defendants assert that plaintiff's Complaint violates Fed. R. Civ. P. 8(a)(2), 8(d)(1), and 10(b). Because of the alleged violations, defendants contend that the Court should exercise its power under Fed. R. Civ. P. 12(f) "to strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." In particular, defendants contend that portions of the Complaint should be stricken because the Complaint: (1) "set[s] forth an introductory summary of allegations in 2 unnumbered paragraphs, which violate[s] proper pleading"; (2) contains allegations that "are redundant and superfluous"; (3) "contain[s] opinions and editorial

---

[1] Plaintiff filed an Opposition to the Motion. ECF 6. Defendants did not file a Reply.

comments of the Plaintiff's attorney regarding the events that are alleged" that are "redundant, immaterial, and impertinent"; (4) "contain[s] references to anticipated witness testimony to be given at trial"; (5) refers "to unspecified events" and "to unspecified allegations of damages"; and (6) is not "concise." Motion at ¶¶ 7, 10, 11, 13, 18, 20, 21.

"Rule 12(f) motions are generally viewed with disfavor because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic." *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (internal quotation marks omitted). Accordingly, "[w]hen reviewing a motion to strike, 'the court must view the pleading under attack in a light most favorable to the pleader.'" *Piontek v. Serv. Ctrs. Corp.*, Civ. No. PJM 10-1202, 2010 WL 4449419, at *8–9 (D. Md. Nov. 5, 2010) (citation omitted). Moreover, Rule 12(f) motions "will be denied unless the matter under challenge has 'no possible relation to the controversy and may prejudice the other party.'" *U.S. ex rel. Ackley v. Int'l Bus. Machines Corp.*, 110 F. Supp. 2d 395, 406 (D. Md. 2000) (quoting *Steuart Inv. Co. v. Bauer Dredging Constr. Co.,* 323 F. Supp. 907, 909 (D. Md. 1971)); *accord Williams v. Kettler Mgmt. Inc.*, Civ. No. CBD-12-1226, 2014 WL 509474 (D. Md. Feb. 5, 2014); *E.E.O.C. v. Spoa, LLC*, Civ No. CCB-13-1615, 2014 WL 47337 (D. Md. Jan. 3, 2014). However, "the disfavored character of Rule 12(f) is relaxed in the context of scandalous allegations, i.e., those that improperly cast a derogatory light on someone." *Asher & Simons, P.A. v. j2 Global Canada, Inc.*, 965 F. Supp. 2d 701, 702 (D. Md. 2013) (internal citations and quotations omitted).

Review of the Complaint persuades me that its content is not "redundant, immaterial, impertinent, [] scandalous," or otherwise inappropriate. Fed. R. Civ. P. 12(f). Although plaintiff's Complaint may contain some factual details beyond those necessary to meet the pleading standards of Fed. R. Civ. P. 8(a), I cannot fault plaintiff for providing defendants and

the Court with more notice of the factual basis of his claim than the bare minimum that is necessary. *See Fette v. ACell, Inc.*, Civ. No. ELH-12-3733, 2013 WL 500497, at *1 (D. Md. Feb. 8, 2013); *see generally Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008) ("[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions . . . . Factual allegations must be enough to raise a right to relief above the speculative level." (Internal quotation marks and citation omitted)).

In any event, although defendants assert that the Complaint's alleged violations of Rules 8 and 10 are "inherently prejudicial," Motion at ¶ 23, they do not articulate what prejudice they would sustain by having to respond to the portions of the Complaint they allege do not comply with Rule 12(f). This alone is reason enough to refuse the "drastic remedy" of striking portions of plaintiff's Complaint. *See* Fed. R. Civ. P. 7(b) (A motion must "state with particularity the grounds for seeking the order."); *see also Haley Paint Co. v. E.I. Du Pont De Nemours and Co.*, 279 F.R.D. 331, 337 (D. Md. 2012) (exercising discretion not to strike pleadings under Rule 12(f) where the movants "articulated no prejudice that would result from a denial of their motion"); *U.S. ex rel. Ackley*, 110 F. Supp. 2d at 406 (noting that Rule 12(f) motions "will be denied unless the matter under challenge has no possible relation to the controversy *and may prejudice the other party*." (Emphasis added) (Internal citations and quotations omitted)).

## Conclusion

For the foregoing reasons, the Court will deny the Motion. A separate Order follows.

Date: April 9, 2014          /s/
                             Ellen Lipton Hollander
                             United States District Judge

3