# United States District Court
# District Of Maryland

Chambers of  
**Ellen Lipton Hollander**  
District Court Judge

101 West Lombard Street  
Baltimore, Maryland 21201  
410-962-0742

May 13, 2014

MEMORANDUM TO COUNSEL

    Re:   *M.T., et al. v. Officer Craig Medley, et al.*  
           Civil Action No. ELH-14-0424

Dear Counsel:

On April 21, 2014, defendants filed an Answer (ECF 9) to plaintiffs' Complaint (ECF 1). The Answer sets forth a general denial, denies that the Court has subject matter jurisdiction or personal jurisdiction, and then lists a series of affirmative defenses. It does not address the specific allegations of the Complaint or include any factual allegations.

Plaintiffs filed a Motion to Strike the Answer ("Motion," ECF 11) on April 29, 2014, arguing that the Answer is deficient in two ways. First, plaintiffs claim that defendants' use of a general denial is inappropriate under Fed. R. Civ. P. 8(b)(3). Second, plaintiffs argue that defendants' affirmative defenses fail to satisfy the plausibility standard set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

On May 12, 2014, defendants filed their response to the Motion to Strike ("Response," ECF 13), along with an Amended Answer (ECF 14). The Amended Answer is nearly identical to the Answer, although it omits the previously included assertions that the Court lacks personal jurisdiction and subject matter jurisdiction. Defendants claim "that the Amended Answer to Complaint is in compliance with Rule 8([b])(3)" and that "the plausibility standard set forth in [*Twombly* and *Iqbal*] should not be extended to [responsive] pleadings that include affirmative defenses." ECF 13 at 2–3.

Fed. R. Civ. P. 8(b)(3) states: "A party that intends in good faith to deny all the allegations of a pleading—including the jurisdictional grounds—may do so by a general denial. A party that does not intend to deny all the allegations must either specifically deny designated allegations or generally deny all except those specifically admitted." Defendants' original Answer denied all the allegations of the Complaint, including the jurisdictional grounds. However, plaintiffs argued in the Motion to Strike that defendants' jurisdictional denial "cannot be said to be 'in good faith.'" Defendants omitted the jurisdictional denial from the Amended Answer but, inexplicably, did not replace their general denial with specific denials and/or admissions. As a result, the Amended Answer is insufficient under Fed. R. Civ. P. 8(b)(3).

With regard to the Amended Answer's affirmative defenses, both parties recognize that courts in this district and across the country disagree about whether a party pleading affirmative

defenses must satisfy the pleading standard of *Twombly* and *Iqbal*. *See* Motion at 4 n.4; Response at 2; *Compare Bradshaw v. Hilco Receivables, LLC*, 725 F. Supp. 2d 532, 536 (D. Md. 2010) *with Lockheed Martin Corp. v. United States*, __ F. Supp. 2d __, 2013 WL 5405654, at *3 (D. Md. 2013). Defendants acknowledge that the majority of courts require affirmative defenses to satisfy the *Twombly* and *Iqbal* standard. *See* Response at 2.

I addressed the issue in *Ulyssix Technologies, Inc. v. Orbital Network Eng'g, Inc.*, 2011 WL 631145 (D. Md. Feb. 11, 2011). In that case, I adopted the majority position and said, *id.* at *15 (quotation marks, citations, and alterations omitted):

> [I]t would be incongruous and unfair to require a plaintiff to operate under one standard and to permit the defendant to operate under a different, less stringent standard. Moreover, boilerplate defenses clutter the docket and, further, create unnecessary work. Rule 15 allows for appropriate amendments and counsel should therefore feel no need to window-dress pleadings early for fear of losing defenses later. . . .
>
> To be sure, the heightened pleading standard does not require the assertion of all supporting evidentiary facts. At a minimum, however, some statement of the ultimate facts underlying the defense must be set forth, and both its non-conclusory factual content and the reasonable inferences from that content, must plausibly suggest a cognizable defense available to the defendant.

Defendants have not provided a persuasive reason for me to depart from my ruling in *Ulyssix*. Because the affirmative defenses in the Amended Answer are entirely devoid of factual content, they are insufficient.

For the foregoing reasons, plaintiffs' Motion to Strike (ECF 11) is GRANTED. The Amended Answer (ECF 12) is STRICKEN, without prejudice. Within 17 days of the docketing of this Memorandum, defendants are directed to file a Second Amended Answer that complies with Fed. R. Civ. P. 8.

Despite the informal nature of this Memorandum, it is an Order of the Court and the Clerk is directed to docket it as such.

Very truly yours,

_____/s/_____

Ellen Lipton Hollander
United States District Judge