IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| M.T., | * | |
|    Plaintiff, | * | |
| v. | * | Civil No.: JMC-14-CV-424 |
| OFFICER CRAIG MEDLEY, *et al.*, | * | |
|    Defendants. | * | |
| | * | |

\*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION**

This Memorandum Opinion addresses Defendants' Motion to Bifurcate which requests that the claims against Defendant Officer Craig Medley ("Defendant Officer Medley") be resolved first followed by any remaining claims against Defendants Annapolis Police Department and City of Annapolis ("Municipal Defendants"). (ECF No. 30). Defendants argue that bifurcation would be conducive to judicial economy and would avoid unfair prejudice to Defendant Officer Medley. (*Id.*). The time for Plaintiff to file a reply lapsed and the Court confirmed with Plaintiff's Counsel that he does not intend to file any such responsive motion. The Court has received and reviewed the Motion and applicable law thereto. No hearing is deemed necessary. *See* Local Rule 105.6 (D.Md.). For the reasons presented below, the Court GRANTS the Motion.

This case involves claims against Defendant Officer Medley for assault, battery, false arrest, false imprisonment, and violations of 42 U.S.C. 1983 (ECF No. 1 at ¶¶ 23-46), related claims against the Municipal Defendants (*Id.* at ¶¶ 46-57), and claims against all Defendants for violations of Maryland's Declaration of Rights (*Id.* at ¶¶ 58-61). It is well established that Section 1983 cases, like this one, are good candidates for bifurcation because municipal liability

1

is dependent on an initial finding that a government employee violated a plaintiff's constitutional rights. *See Okezie v. Prince George's Cnty.*, Md., No. CIV.A. CBD-13-0168, 2014 WL 1334188, at *1 (D. Md. Apr. 1, 2014) (*citing Dawson v. Prince George's County, et al.*, 896 F.Supp. 537, 540 (D.Md.1995); *Ransom v. Baltimore County, et al.*, 111 F.Supp.2d 704, 708 (D.Md .2000); *Marryshow v. Bladensburg*, et al., 139 F.R.D. 318, 318–19 (D.Md.1991); *Beasley v. Kelly, et al.*, CIV. A. DKC 10–0049, 2010 WL 3221848, at *3 (D.Md. Aug. 13, 2010)). It is also well established that bifurcation of Section 1983 cases allows for the isolation of potentially highly prejudicial evidence regarding municipal policies and customs which would be relevant to the legal analysis of municipal liability but highly prejudicial to the individual government employees. *Id.* at *2 (*citing Beasley*, 2010 WL 3221848, at *3).

For these reasons, bifurcation in this matter would preserve judicial economy and is the best way to avoid the conflicts resulting in trying Plaintiff's claims together. Further, bifurcation would not prejudice either party; should the jury find in favor of Defendant Officer Medley, a trial against Municipal Defendants would be unnecessary. For the foregoing reasons the Court GRANTS the Motion.

An implementing Order will follow.

Date:   November 19, 2014                                      /s/
                                                  J. Mark Coulson
                                                  United States Magistrate Judge